PEOPLE ex rel. BARRY v. KELLER et al.

(Supreme Court, Trial Term, New York County. December 27, 1899.)

1. MUNICIPAL CORPORATIONS—OFFICERS—EVIDENCE OF APPOINTMENT—RECORD.

A resolution appointing plaintiff morgue keeper was passed by the board of commissioners of charities and corrections, but no record thereof was entered in the record of the day's proceedings, no commission or writing was issued to him, nor were any services performed by him. On the succession of a new board, it refused to recognize him as being such officer. *Held*, that there had been no appointment, and plaintiff could not maintain action for reinstatement.

2. SAME.

The position of morgue keeper, being one of public trust, with a fixed salary, and certain continuous duties, which are not menial, is a public office, within the rule requiring an appointment thereto to be evidenced by a writing.

Mandamus by the people, on the relation of William J. Barry, against John W. Keller and others, as commissioners of public charities, to compel them to reinstate relator to the position of morgue keeper. Dismissed.

Langbein Bros. & Langbein, for relator.
John Whalen and Chas. Blandy, for defendants.

McADAM, J. The facts, as far as material to the questions decided, are that the relator, a veteran and honorably discharged soldier of the Civil War, passed a civil service examination for the position of morgue keeper in the city of New York; that on December 30, 1897, his name was presented to the then commissioners of charities and correction for appointment to that position, and the board on that date passed a resolution appointing him to the place. The board preserved a record of its proceedings, including those had at the meeting of December 30th, but the resolution appointing the relator nowhere appears therein. No certificate of appointment was given to him. The term of office of the then commissioners of charities and correction expired December 31, 1897; and Mr. Keller and his associates, the respondents, took office as commissioners of charities January 1, 1898, under appointment by the mayor, acting under the authority of the Greater New York charter (Laws 1897, c. 378, §§ 118, 658); Mr. Keller having been appointed for the boroughs of Manhattan and the Bronx. When Mr. Keller assumed office, he declined to recognize the relator, because he held no certificate evi-

dencing his appointment as morgue keeper, and nothing could be found in the minutes or proceedings of the commissioners of charities and correction showing the relator's appointment, and he had rendered no appreciable services; so that there was nothing from which even an inference of recognition by the municipal authorities can be inferred. The matter comes before the court on the trial of issues raised in proceedings commenced by alternative mandamus, by means of which the plaintiff seeks reinstatement to the aforesaid position of morgue keeper, with the salary belonging to the office.

The first and only question necessary to be considered is whether, under the circumstances, the relator was ever legally appointed to the office; for, if he was not, it is idle to discuss the propriety of reinstatement. The controlling authorities hold that an appointment to public office must be in writing (Mechem, Pub. Off. § 115; Throop, Pub. Off. §§ 86, 87; People v. Murray, 70 N. Y. 521), or in the form of a resolution of the appointing board duly entered in its records (People v. Stowell, 9 Abb. N. C. 456). Among other reasons for the rule is that the appointment, until put in writing and delivered to the appointee, or entered in the official records, is subject to reconsideration, alteration, and recall by the appointing power, and that it may be made on conditions as to term and nature of service, compensation, etc., all of which might require to be definite and precise, to meet public exigencies, appropriations, and the like. In People v. Murray, 70 N. Y. 524, the court said:

"It would be unfortunate if the title to office of one upon whose official acts public interests and private rights hinged did or could be made to depend upon the verbal declarations and statements of the person having the power to make the appointment, to be proved by parol, and liable to be forgotten, misunderstood, or misreported, subject to all the contingencies and infirmities which are incident to verbal evidence, or evidence by parol, so 'pregnant with mischief and misfortune as to have led to the enactment of the statute of frauds. It will not be presumed that the legislature, while making void contracts involving trifling pecuniary interests, unless evidenced by some writing, intended that important civil offices should be conferred without a commission or any writing, but simply by a verbal statement of an individual, in any form which by the bystanders should be understood as expressing a present intent to make the appointment; and a liberal interpretation will be given to the statutes bearing upon the subject, if necessary to avoid any such conclusion."

The objections made by the court in that case to the reception of oral evidence in such matters are exemplified in this proceeding by the circumstance that the relator supposed the salary to be $1,000 a year, having so sworn in his petition, while at the trial he was compelled to amend by stating the same to be $600 per year; and even this, to an extent, at least, is left to inference. The position to which the relator claims to have been appointed, and seeks reinstatement, was an office, within the meaning of the authorities; for the employment was in a position of public trust, not transient, occasional, or accidental, and the salary fixed was, as he claims, by the year. The position was certainly not a menial one, such as a janitor or servant; nor was the incumbent a per diem laborer, whose employment might be evidenced by a mere verbal direction to go to work at prevailing rates.

It follows that Mr. Keller, the new commissioner, was justified in doing what he did, that the relator has no grievance which this court is bound to redress by mandamus, and the proceedings must be dismissed.